IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ROBERT CABINESS, )<br>)<br>Petitioner, )<br>v. )<br>)<br>PA ATTORNEY GENERAL, DISTRICT )<br>ATTORNEY, and MARK CAPOZZA, )<br>)<br>Respondents. ) | Civil Action No. 18-1229 |

## MEMORANDUM OPINION and ORDER

Charles Robert Cabiness (Petitioner) has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for first degree murder on four grounds. ECF No. 4. The case was referred to Magistrate Judge Lisa Lenihan in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. Magistrate Judge Lenihan issued a Report and Recommendation, ECF No. 18, filed January 11, 2021, recommending that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied. Petitioner timely filed Objections on January 28, 2021. ECF No. 19. As explained below, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

### Ground One

Magistrate Judge Lenihan found that Ground One was procedurally defaulted and that Petitioner did not allege cause and prejudice, or a miscarriage of justice, so as to excuse the procedural default. Petitioner objects to the Report's finding that his claim was procedurally defaulted. He admits that he presented a *state* evidentiary claim to the state courts but maintains the substance of his federal claim was fairly presented to the state courts in accord with the state claim pursued by the Petitioner in Wilkerson v. Superintendent Fayette SCI, 871 F.3d 221, 230

(3d Cir. 2017).  As set forth by the <u>Wilkerson</u> Court, "a state prisoner may "fairly present" a federal claim to state courts without specifically referencing the federal Constitution or a federal statute in four ways: '(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.'"  <u>Wilkerson</u>, 871 F.3d at 229 (citations omitted).  Petitioner argues that his claim, as presented to the state courts, "necessarily implicated the right to due process guaranteed by the 14th Amendment to the federal constitution."  Pltf.'s Obj. 2.

      The Magistrate Judge considered the arguments set forth in Petitioner's state court appellate brief and noted that such arguments only referenced violations of state evidentiary law.  ECF No. 18, at 11.  The Magistrate Judge specifically concluded that the state evidentiary standard at issue, whether the prejudicial effect of the challenged evidence outweighed its probative value, was not sufficiently similar to a Fourteenth Amendment due process claim that the trial was fundamentally unfair.  Under a federal due process violation the court considers whether the evidence was so inflammatory as to prevent a fair trial.  The Magistrate Judge then specifically concluded that, even if the state and federal standards could be considered "somewhat similar," the two claims cannot be said to be "virtually identical."  ECF No. 18, at 11 (citing <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995).  Moreover, the state claim being pursued in the <u>Wilkerson</u> habeas case relied on a Pennsylvania Supreme Court case, <u>Commonwealth v. Anderson</u>, that analyzed the state court issue (merger of offenses) by directly referencing the parallel federal issue (double jeopardy).  650 A.2d 20 (Pa. 1994).  In fact, the "Pennsylvania Supreme Court imported [the] federal double jeopardy test into its merger doctrine under state

law." Wilkerson, 871 F.3d at 230.  Furthermore, "[w]hen analyzing the petitioner's claim, the Pennsylvania Supreme Court held that the analysis necessary to resolve the defendant's merger claim was 'identical to the inquiry as to whether the double jeopardy protection of the Fifth Amendment has been violated.'"  Wilkerson, 871 F.3d at 230 (quoting Anderson, 650 A.2d at 23).  The Wilkerson Court therefore explained that, because of the "close relationship between Pennsylvania's merger doctrine and federal double jeopardy jurisprudence, and Wilkerson's citation to Anderson, which itself relies on Supreme Court jurisprudence, we conclude that Wilkerson has "assert[ed] [his] claim[s] in terms so particular as to call to mind a specific right protected by the Constitution.'"  Wilkerson, 871 F.3d at 229 (citations omitted).  In this case the Pennsylvania Superior Court's analysis and resolution of Petitioner's state court evidentiary challenge did not rely on a state court case that determined that such a challenge is similar to a Fourteenth Amendment due process challenge.  Likewise, Petitioner's state court evidentiary claim, challenging the introduction of evidence on state court grounds, was not asserted in terms so particular that it called to mind a specific right protected by the Constitution.  Accordingly, Petitioner's objection to Ground One is overruled.

## Ground Two

As to Ground Two, the Magistrate Judge found that Petitioner's ineffectiveness of counsel claim was procedurally defaulted, and that Petitioner was unable to show that the procedural default should be excused under Martinez v. Ryan, 132 S. Ct. 1309 (2012).  Petitioner argues that his claim is not procedurally defaulted and, even if it was, he has shown cause for the default pursuant to the Martinez case.  Petitioner makes no specific objection to the Magistrate Judge's analysis and offers no supporting argument.  The Court finds that the Magistrate' Judge's analysis is sound and therefore Petitioners' Objection to Ground Two is overruled.

### Ground Three

Petitioner's ineffectiveness claims asserted in Ground Three were *not* procedurally defaulted. In Ground Three, Petitioner argued that his trial counsel was ineffective for failing to call two witnesses, Danielle Hawkins and Marquea Davis, who had testified in his first trial, which concluded in a mistrial. These claims were presented to the Post-Conviction Relief Act Court and the Pennsylvania Superior Court. The Superior Court applied the applicable law and concluded that counsel was not ineffective because Petitioner could not demonstrate that he was prejudiced by the failure to call either witness. The Magistrate Judge found that the Superior Court applied the appropriate standard to analyze an ineffectiveness claim, and the Petitioner was unable to show that the state courts' adjudication of his claims was "contrary to" or was an "unreasonable application of" United States Supreme Court precedent; specifically, Strickland v. Washington, 466 U.S. 668 (1984). See 28 U.S.C. s 2254(d)(1). The Magistrate Judge also concluded that the Court's decision that Petitioner had not established prejudice, was not an unreasonable determination in the light of the evidence presented. 28 U.S.C. § 2254(d)(2). Petitioner objects to the conclusion that he did not demonstrate that counsel was ineffective because, if the two witnesses were called by counsel, the result of the trial would have been different. His Objection is largely a reassertion of his factual and legal argument considered by the Magistrate Judge. The Court finds no error with the Magistrate Judge's analysis or conclusion, and therefore Petitioner's objection to Ground Three is overruled.

### Ground Four

Petitioner's claim in Ground Four concerns the trial court's resolution of the jury foreperson's alleged misconduct regarding "reasonable doubt" at the beginning of deliberations, which was then followed by a motion for mistrial by defense counsel. Petitioner argued that his

4

counsel was ineffective with respect to the motion, Petitioner's subsequent decision to proceed to verdict with eleven jurors, and counsel's failure to move for a mistrial after the eleven-person jury rendered a guilty verdict. This claim was not procedurally defaulted as it was presented to the state courts.

In brief, the relevant factual background of this claim is as follows. The trial court's tipstaff discovered that the jury foreperson had a page titled "Reasonable Doubt." Once the alleged misconduct was brought to the attention of the trial court, the court conducted voir dire of the foreperson. The foreperson explained that she was prepared to follow the court's instructions as to reasonable doubt. Defense counsel moved for a mistrial. Finding no misconduct by the foreperson, the trial court denied the motion, stated it would reinstruct the jury as to reasonable doubt, and voir dire the two jurors who had seen the document. At that point, the trial court was prepared to have the twelve-person jury resume deliberations, but chose to also offer the Petitioner the option to have the foreperson removed from the jury and proceed to verdict with eleven jurors. The trial court further stated that if Petitioner chose not to have the foreperson removed, the trial court would redefine reasonable doubt and the Commonwealth's burden for the jury. After consulting with counsel, Petitioner chose to strike the foreperson and proceed with eleven jurors. Petitioner also requested that the court recharge the remaining eleven jurors on reasonable doubt. According to the Superior Court's recitation of events, the "court colloquied [Petitioner] on the rights he was giving up by proceeding with eleven jurors, and [Petitioner] indicated he wished to proceed. The [trial] court then dismissed the foreperson and reinstructed the jury on reasonable doubt." ECF No. 18, at 23. The Superior Court noted that the trial court denied the motion for mistrial because it had determined that the conduct of the foreperson did not prejudice Petitioner. Petitioner always retained the right to challenge the

trial court's denial of his motion for mistrial on appeal and in collateral proceedings. This is so, the Superior Court explained, because had Petitioner decided not to have the juror removed, deliberations would have proceeded with twelve jurors, not eleven. In that case, Petitioner would have had no grounds for a separate motion for a mistrial. Furthermore, the Superior Court highlighted that Petitioner knowingly agreed to proceed with eleven jurors after consultation with counsel and an oral colloquy with the trial court. Therefore, the Superior Court concluded that there was no merit to the claim.

In recommending dismissal of Ground Four, the Magistrate Judge found that the state courts' adjudication of the ineffectiveness claim was not "contrary to" or was an "unreasonable application of" United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The Magistrate Judge also concluded that the state court's decision was not an unreasonable determination in the light of the evidence presented. 28 U.S.C. § 2254(d)(2). Petitioner's Objection to Ground Four does not undermine the Magistrate's Judge's analysis or recommendation. Therefore, this Objection is overruled.

## ORDER

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 3rd day of March 2021,

IT IS HEREBY ORDERED that Petitioner's Objections are overruled and the Petition is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 18, filed on January 11, 2021, by Magistrate Judge Lenihan, is adopted as the opinion of the Court as

supplemented by this Memorandum Opinion. A certificate of appealability is DENIED, as jurists of reason would not disagree with the analysis of the Report.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the petitioner desires to appeal from this Order he must do so within thirty days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

_____
Marilyn J. Horan
United States District Court Judge


cc:   Charles Robert Cabiness, pro se
      KJ-8892
      SCI Fayette
      50 Overlook Drive
      LaBelle, PA 15450-1050
      (via U.S. First Class Mail)

      All Counsel of Record via ECF